**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MARQUELY LUCIEN,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-657-KC** |
| | § | |
| **KRISTI NOEM et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**SHOW CAUSE ORDER**

On this day, the Court considered Marquely Lucien's Motion to Proceed in Forma

Pauperis ("Motion"), ECF No. 1, and Petition for a Writ of Habeas Corpus, ECF No. 1-1.

**I.     MOTION TO PROCEED IN FORMA PAUPERIS**

Lucien requests that the Court allow him to proceed in Forma Pauperis ("IFP") and waive

the filing fee for his Petition.  *See* Mot. 1.

To determine whether a litigant qualifies for IFP status, "the central question is whether

the movant can afford the costs of proceeding without undue hardship or deprivation of the

necessities of life." *Ayers v. Tex Dep't of Crim. Just.*, No. 96-cv-10614, 1995 WL 696702, at *1

(5th Cir. Oct. 19, 1995) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339

(1948)).  Absolute destitution is not required.  *Id.*  In making this determination, courts consider

factors such as the movant's present assets, reasonably anticipated income, and necessary living

expenses.  *Roden v. Texas* No. 94-cv-10808, 1995 WL 371022, at *2 (5th Cir. June 2, 1995).

Lucien is not employed, has no income, and has no savings or assets.  Mot. ¶¶ 1–5.  He has thus

made the requisite showing that he is unable to afford the costs of the proceeding and qualifies

for IFP status.  *See Ayers*, 1995 WL 696702, at *1.

## II.    PETITION FOR A WRIT OF HABEAS CORPUS

Lucien is held in immigration detention at ERO El Paso Camp East Montana in El Paso, Texas.  Pet. ¶ 2.  He argues that his detention is unlawful and asks the Court to order his release or a bond hearing.  *Id.* ¶¶ 13, 15; Supplement, ECF No. 1-2.

Lucien entered the country in July 2021, was detained for twenty-two days, and then released under an order of supervision.  Supplement.  On May 6, 2025, Lucien was arrested at his annual check-in with Immigration and Customs Enforcement ("ICE") and re-detained.  *Id.* As alleged, his case appears materially indistinguishable from several others in which this Court has found a procedural due process violation.  *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025).  Of course, Respondents are nevertheless permitted to state their position before a ruling.  In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected.  Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Lucien's case warrant a different outcome.

## III.    CONCLUSION

Accordingly, the Court **ORDERS** that Lucien's Motion, ECF No. 1, is **GRANTED**.

 **IT IS FURTHER ORDERED** that Respondents shall **SHOW CAUSE** by <u>no later than March 16, 2026</u>, why the application for a writ of habeas corpus should not be granted. *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025).  The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

 **IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through

their counsel.  *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order

on the respondent[s] . . . .").

        **SO ORDERED**.

        **SIGNED this 9th day of March, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE